# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45915

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

LUKE AARON CARPENTER,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: April 10, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment of conviction and unified sentence of four years with a two-year determinate term for grand theft of a financial transaction card, affirmed; order relinquishing jurisdiction, affirmed; order denying Idaho Rule 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

--------

Before GRATTON, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

--------

PER CURIAM

Luke Aaron Carpenter pled guilty to grand theft of a financial transaction card, Idaho Code §§ 18-2403, 18-2407(1)(b)(3). The district court imposed a unified sentence of four years with a two-year determinate term and retained jurisdiction. After Carpenter completed the retained jurisdiction program, the district court relinquished jurisdiction. Carpenter filed an Idaho Criminal Rule 35 motion for reduction of his sentence, which the district court denied.

Carpenter appeals, claiming the district court abused its discretion in imposing an excessive sentence, relinquishing jurisdiction, and denying his Rule 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is also a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Carpenter has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Next, we review whether the district court erred in denying Carpenter's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Carpenter's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, Carpenter's judgment of conviction and sentence, the district court's order relinquishing jurisdiction, and the district court's order denying Carpenter's Rule 35 motion, are affirmed.